Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JORGE ESCOBAR ESCOBAR, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CREATIVE HOME & TILE CORP., and JOSE DIMAS MEJIA NOLASCO as an individual,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **JORGE ESCOBAR ESCOBAR**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **CREATIVE HOME & TILE CORP., and JOSE DIMAS MEJIA NOLASCO as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **CREATIVE HOME & TILE CORP.**, located at 1088 Anderson Avenue, Apt 3F, Bronx, New York 10452

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff **JORGE ESCOBAR ESCOBAR** residing in Brooklyn, New York, was employed by Defendants as a construction worker at CREATIVE HOME & TILE CORP. from in or around August 2025 until in or around July 2026.

### *The Corporate Defendant*

### CREATIVE HOME & TILE CORP.

8. Upon information and belief, Defendant CREATIVE HOME & TILE CORP. is a domestic business corporation, organized under the laws of the State of New York with a service of process and principal executive office address at 1088 Anderson Avenue, Apt 3F, Bronx, New York 10452.

9. At all relevant times hereto, Defendant CREATIVE HOME & TILE CORP. through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

10. Accordingly, at all relevant times hereto, Defendant CREATIVE HOME & TILE CORP. was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

11. Upon information and belief, CREATIVE HOME & TILE CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

***Individual Defendant***

**JOSE DIMAS MEJIA NOLASCO**

12. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO, owns, manages and operates CREATIVE HOME & TILE CORP..

13. Defendant JOSE DIMAS MEJIA NOLASCO is an agent of CREATIVE HOME & TILE CORP.

14. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO is responsible for overseeing the daily operations of CREATIVE HOME & TILE CORP.

15. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO has power and authority over all the final personnel decisions at CREATIVE HOME & TILE CORP.

16. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO has power and authority over all final payroll decisions of CREATIVE HOME & TILE CORP., including the Plaintiff.

17. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO has the exclusive final power to hire the employees of CREATIVE HOME & TILE CORP., including the Plaintiff.

18. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO has exclusive final power over the firing and terminating of the employees of CREATIVE HOME & TILE CORP., including the Plaintiff.

19. At all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO was responsible for determining, establishing, and paying the wages of all employees of

CREATIVE HOME & TILE CORP., including the Plaintiff, setting his work schedules, and maintaining all his employment records of the business.

20. Accordingly, at all relevant times hereto, Defendant JOSE DIMAS MEJIA NOLASCO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

21. Plaintiff JORGE ESCOBAR ESCOBAR was employed by Defendants as a construction worker, including duties such as pouring concrete for laying tilework, loading and unloading materials, leveling floors and cleaning job sites, while performing related miscellaneous duties for the Defendants from in or around August 2025 until in or around July 2026.

22. Plaintiff JORGE ESCOBAR ESCOBAR regularly worked approximately six (6) days per week from in or around August 2025 until in or around July 2026.

23. Plaintiff JORGE ESCOBAR ESCOBAR regularly worked approximately nine (9) hours per day for four (4) days per week, and approximately twelve (12) hours per day for two (2) days per week, from in or around August 2025 until in or around July 2026.

24. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around August 2025 until in or around July 2026.

25. Plaintiff JORGE ESCOBAR ESCOBAR was paid by Defendants a flat daily rate of approximately $200.00 per day from in or around August 2025 until in or around July 2026.

26. Plaintiff was primarily paid via check.

27. Although Plaintiff worked approximately sixty (60) hours per week from in or around August 2025 until in or around July 2026, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Additionally, from in or around August 2025 until in or around July 2026, Plaintiff JORGE ESCOBAR ESCOBAR worked in excess of ten (10) or more hours per day approximately two (2) days per week, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

29. Moreover, Plaintiff was not compensated at all by Defendants for his last two (2) weeks of employment.

30. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

31. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

32. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

33. Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

34. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

35. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

37. Collective Class: All persons who are or have been employed by the Defendants as construction workers or other similarly titled personnel with substantially similar job

requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

38. Upon information and belief, Defendants employed approximately 20 or more employees within the past three years subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

40. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work without appropriate overtime and wage compensation.

41. Defendants' unlawful conduct has been widespread, repeated, and consistent.

42. Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay and wages.

43. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

44. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

45. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

46. The claims of Plaintiff are typical of the claims of the putative class.

47. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

51. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

53. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

54. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

55. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

58. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

59. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

62. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hours compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

66. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**FIFTH CAUSE OF ACTION**
**Unpaid Wages Under The New York Labor Law**

67. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

70. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, his unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

**SIXTH CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

73. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**Violation of the Wage Statement Requirements of the New York Labor Law**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

76. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid wages;
d. Awarding Plaintiff's unpaid spread of hours compensation;
e. Awarding Plaintiff's liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 10, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ESCOBAR ESCOBAR, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CREATIVE HOME & TILE CORP., and JOSE DIMAS MEJIA NOLASCO as an individual,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To: *via Secretary of State:*

**CREATIVE HOME & TILE CORP. (DOS ID: 7415232)**
1088 Anderson Avenue, Apt 3F, Bronx, New York 10452

*Via personal service:*
**CREATIVE HOME & TILE CORP.**
1088 Anderson Avenue, Apt 3F, Bronx, New York 10452
225 E 168th St Apt 4E, Bronx, New York 10456

**JOSE DIMAS MEJIA NOLASCO**
1088 Anderson Avenue, Apt 3F, Bronx, New York 10452
225 E 168th St Apt 4E, Bronx, New York 10456